**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **LYNDON WILLIAMS, individually,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No. CIV-12-91-F** |
| ) | |
| **STATE FARM MUTUAL** ) | |
| **AUTOMOBILE INSURANCE** ) | |
| **COMPANY, a foreign corporation;** ) | |
| **And NATIONAL UNION FIRE INS.** ) | |
| **COMPANY OF PITTSBURH** ) | |
| **PENNSYLVANIA, a foreign** ) | |
| **Corporation;** ) | |
| **And PROGRESSIVE DIRECT** ) | |
| **INSURANCE COMPANY, a/k/a** ) | |
| **and/or d/b/a XYZ INSURANCE.CO.** ) | |
| **a foreign corporation.** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## AMENDED COMPLAINT

COMES NOW the Plaintiff, Lyndon W. Williams, and for his causes of action against the Defendants, State Farm Mutual Automobile Insurance Company, a foreign corporation, National Union Fire Ins. Co. of Pittsburgh, Pennsylvania, a foreign corporation, and Progressive Direct Insurance Company a/k/a and/or d/b/a XYZ, Insurance Company, a foreign corporation, alleges and states as follows:

## JURISDICTION

1. That the Plaintiff, Lyndon Williams, is a resident of Conway County, State of Arkansas.

2. That the Defendant, State Farm Mutual Automobile Insurance Company, (here and after referred to as "State Farm") is a foreign corporation, incorporated in the State of Illinois; with its principal place of business in the State of Illinois; that does business in the State of Oklahoma and did so at all relevant times. Further, the Oklahoma Insurance Commissioners' Office in Oklahoma City, State of Oklahoma is a recognized service agent for this foreign insurance corporation where service of the summons and complaint may be delivered for proper service 36 O.S. §621.

3. That the Defendant, National Union Fire Insurance Company of Pittsburgh, Pennsylvania, (here and after referred to as "National Union") is a foreign corporation, incorporated in the State of Pennsylvania; with its principal place of business in the State of Pennsylvania; that does business in the State of Oklahoma and did so at all relevant times. Further, the Oklahoma Insurance Commissioners' Office in Oklahoma City, State of Oklahoma is a recognized service agent for this foreign insurance corporation where service of the summons and complaint may be delivered for proper service 36 O.S. §621.

4. That the Defendant, Progressive Direct Insurance Company, a/k/a and/or d/b/a XYZ Insurance Company (hereinafter referred to as "Progressive"), is a foreign corporation, incorporated in the State of Ohio; with its principal place of business in the State of Ohio; that does business in the State of Oklahoma and did so at all relevant times and whose registered sales agent dealing with the Plaintiff was Barry Tims of the Tulsa, Oklahoma area. Further, the

Oklahoma Insurance Commissioners' Office in Oklahoma City, State of Oklahoma is a recognized service agent for this foreign insurance corporation where service of the summons and complaint may be delivered for proper service 36 O.S. §621.

5. That the subject incident occurred in Pontotoc County, State of Oklahoma.

6. Plaintiff alleges injuries and damages in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs and interest. There exists diversity of citizenship among the parties 28 U.S.C §1332. This Court has jurisdiction and venue over this case.

## CAUSE OF ACTION

COMES NOW the Plaintiff, Lyndon Williams and for his cause of action against the Defendants, State Farm, National Union, and Progressive realleges and reassert, *in toto*, and adopts by material reference the allegations contained above, and would further allege and state as follows:

7. That on or about the 31st day of January 2009, the Plaintiff, Lyndon Williams was in Fittstown in Pontotoc County, State of Oklahoma and, while in the course and scope of his employment as a semi tanker driver with Future Energy Services, was using or maintaining his assigned vehicle for use by washing out his tanker truck and fell into the wash out pit of his employer and sustained an injury to his cervical spine requiring Plaintiff to undergo a three level cervical fusion.

8. That Plaintiff has suffered permanent, progressive and painful injuries and was unable to resume his job duties. Plaintiff has realized and will realize physical and emotional pain and suffering; Plaintiff has sustained a loss of income and/or revenues as a result of injuries and damages sustained in the subject incident; Plaintiff has incurred reasonable and necessary medical care and treatment and related expense for same for injuries and damages sustained in the subject incident; and Plaintiff has sustained and/or will sustain loss of enjoyment of life as a result of injuries and damages sustained in the subject incident.

9. That Plaintiff, had at the time of the subject incident above referenced, a policy of insurance with the Defendant, State Farm, which includes coverages and/or endorsements for uninsured/underinsured motorist coverages.

10. The Plaintiff, maintains and/or maintained such coverages and/or endorsements with Defendant, State Farm to provide coverages to compensate him for injuries and damages incurred as a result of the negligence of another party who is deemed uninsured by definition of law and/or did not maintain adequate liability insurance coverage for fair and just compensation to the Plaintiff for bodily injuries and damages resulting from incidents involving motor vehicles.

11. That Plaintiff, also had at the time of the subject incident above referenced, a policy of insurance with the Defendant, Progressive, which includes coverages and/or endorsements for uninsured/underinsured motorist coverages.

12. The Plaintiff, maintains and/or maintained such coverages and/or endorsements with Defendant, Progressive to provide coverages to compensate him for injuries and damages incurred as a result of the negligence of another party who is deemed uninsured by definition of law and/or did not maintain adequate liability insurance coverage for fair and just compensation to the Plaintiff for bodily injuries and damages resulting from incidents involving motor vehicles.

13. That Plaintiff's employer, Future Energy Services, had at the time of the subject incident above referenced, a policy of insurance with the Defendant, National Union, which includes coverages and/or endorsements for uninsured/underinsured motorist coverages.

14. The Plaintiff's employer, Future Energy Services, maintains and/or maintained such coverages and/or endorsements with National Union to provide uninsured motorist coverages to compensate their employees, in general, and Plaintiff, in particular, for injuries and damages suffered by the Plaintiff resulting from incidents of negligence involving the operation, maintenance, or use of motor vehicles.

15. That the Defendants, State Farm, National Union, and Progressive, remain responsible and liable to the Plaintiff, Lyndon Williams, for injuries and damages resulting from the subject incident above referenced involving the operation, maintenance or use of a motor vehicle, pursuant to their respective policy of insurance which includes endorsements for uninsured/underinsured motorist coverages.

16. That the Defendant, State Farm is obligated to pay uninsured/underinsured motorist coverages to the Plaintiff, Lyndon Williams, in amount in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of costs and interest, due to the injuries and damages sustained by Plaintiff as above referenced.

17. That the Defendant, Progressive, is obligated to pay uninsured/underinsured motorist coverages to the Plaintiff, Lyndon Williams, in amount in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of costs and interest, due to the injuries and damages sustained by Plaintiff as above referenced.

18. That the Defendant, National Union, is obligated to pay uninsured/underinsured motorist coverages to the Plaintiff, Lyndon Williams, in an amount in excess of Seventy Five Thousand Dollars, ($75,000.00), exclusive of cost and interest, due to the injuries and damages sustained by Plaintiff as above referenced.

WHEREFORE, the Plaintiff, Lyndon Williams, prays this Court to enter judgment in favor of the Plaintiff, Lyndon Williams, on his causes of action against the Defendant, State Farm Mutual Automobile Insurance Company, in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of costs and interest, together with the awarding of lawful costs, interest; and judgment in favor of the Plaintiff Lyndon Williams, on his causes of action against the Defendant, National Union Fire Ins. Co. of Pittsburgh, Pennsylvania, in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of costs and interest, together with the awarding of lawful costs, interest;  and judgment in favor of the Plaintiff Lyndon Williams, on his causes of action against the Defendant, Progressive Direct Insurance

Company, a/k/a and/or d/b/a XYZ Insurance Company, in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of costs and interest, together with the awarding of lawful costs, interest and any other and further relief this Court deems just and proper.

                                            Respectfully submitted,

                                            <u>s/Thomas J. Steece</u>
                                            Thomas J. Steece, OBA # 11531
                                            Oklahoma Legal Services, PLLC
                                            6303 N. Portland Ave., Ste. 300
                                            Oklahoma City, OK 73112
                                            Telephone (405) 943-8300
                                            Facsimile (405) 942-2661

Jury Trial Demand                                  TSteece@coxinet.net
Attorney Lien Claimed                    Attorneys for Plaintiff